IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMY DON MATHEWS | § | |
| v. | § | CIVIL ACTION NO. 5:12cv82 |
| BOWIE COUNTY, TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Jimmy Mathews, proceeding through retained counsel, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights during his confinement in the Bowie County Jail.  The named defendants in the lawsuit are: Bowie County, Texas; Sheriff James Prince, in his official capacity; Community Education Centers [CEC]; CiviGenics, Inc.; and unknown "John Doe" defendants.

Mathews' second amended complaint is the operative pleading in the lawsuit.  Mathews claims he was disabled at the time he came into the jail because of previous surgery on his neck and back, which were injured as a result of an automobile accident.  At 9:00 a.m. on the morning of August 23, 2011, he was subjected to assault by unknown officers, the "John Doe" defendants. Mathews states he had not been placed into a special area of the jail or segregated from other prisoners, nor was he identified in any way as being disabled.

Mathews asserts the named Defendants either failed to adopt policies comporting with the Texas Administrative Code or failed to enforce such policies.  He contends these failures "caused and/or enabled the unknown guards to intentionally, or with conscious indifference, violate the constitutional rights of Plaintiff Mathews when excessive force was used against him and inadequate, untimely medical care was provided to him in August 2011."  Mathews raised claims

1

under §1983 against the named Defendants, §1983 claims against the unnamed Defendants, and state law claims for assault and battery.

The named Defendants filed a motion to dismiss relying primarily on Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009). In Iqbal, the Supreme Court held that in order to survive a motion to dismiss, a pleading must contain sufficient factual matter to state a claim to relief which is plausible on its face; pleadings offering labels and conclusions or mere formulaic recitations of the elements of a cause of action are insufficient, as are complaints which provide naked assertions devoid of further factual enhancement. The Defendants argued Mathews' pleadings were conclusory and thus could not meet the requirements of Iqbal.

After review of the pleadings, the Magistrate Judge issued an Amended Report[1] recommending the motion to dismiss be granted as to the named Defendants and denied as to the unknown Defendants. The Magistrate Judge determined Mathews had not set out a viable claim under the Texas Administrative Code or under §1983 because his allegations were insufficient to show a policy or custom which was the moving force behind the alleged deprivation of his rights. Nor did Mathews set out a viable claim under state law against CEC or Civigenics. With regard to the unnamed Defendants, the Magistrate Judge concluded these claims should not be dismissed, but that Mathews should be allowed to conduct discovery to determine the identities of these persons in order that his claims against them may go forward.

Mathews filed objections to the Magistrate Judge's Report on August 20, 2013. In these objections, Mathews argues at length that because the Texas Administrative Code applies to the operation of all county jails, the requirements of the Code must be considered official policies of Bowie County and Sheriff Prince.

Next, Mathews contends the Magistrate Judge applied the wrong standard by stating Mathews must demonstrate that a municipal action was taken with deliberate indifference to its

---

[1]The Amended Report was issued to correct an inadvertent error which appeared in Footnote 1, giving inaccurate dates as to the events in the case. No substantive changes were made in the issuance of the Amended Report.

known or obvious consequences. He fails to show that the Magistrate Judge's citation to this well-established standard is in error, nor does he suggest what he believes the "proper" standard might be.

Mathews goes on to assert the Magistrate Judge did not recite and in fact "totally ignored" the factual allegations of his complaint, pointing to paragraphs 23-33 of the Second Amended Complaint. These paragraphs concern the events of August 23, 2011 and were not ignored by the Magistrate Judge, who determined those contentions set out potentially meritorious claims against the unknown Defendants who allegedly carried out the acts complained of. However, Mathews offered no link between these events and any action or inaction by the named Defendants beyond conclusory allegations.

Mathews denies he set out any claims under the Texas Administrative Code *per se*, but argues his claim is that the Code must be deemed the "official policy" of the jail, and the Defendants either failed to adopt regulations conforming to the Code or failed to enforce said regulations. As stated above, however, Mathews fails to provide any factual underpinning for this assertion; his claim essentially is that the use of force on him by unknown guards is *de facto* proof that Sheriff Prince, Bowie County, CEC, and Civigenics must have failed to adopt proper regulations or failed to enforce such regulations. This claim is not sufficient to sustain §1983 liability.

Mathews also avers the Magistrate Judge erred by concluding he did not allege "deliberate indifference" against any of the named Defendants. He first states he is not required to do so, citing Piotrowski v. City of Houston, 237 F.3F 567, 578 (5th Cir. 2001). However, as the Fifth Circuit explained, an unconstitutional official policy may render a municipality culpable under §1983, and a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result. Piotrowski, 237 F.3d at 579; *see also* Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004). Mathews's contention on this point is without merit.

Mathews states he used the term "intentionally or with conscious indifference" with regard to Bowie County and Sheriff Prince in paragraph 36 of his Second Amended Complaint. That paragraph reads as follows:

> EITHER Defendants Bowie County and Sheriff Prince had policies and customs in place pursuant to, or consistent with, Texas Administrative Code, Title 37, Part 9 which they were not enforcing properly OR they failed to follow their express duties under the law in Rule 251.1 to have written policies and procedures consistent with the Jail Standards. This failure to enforce and/or absence of policies and/or procedures caused and/or enabled the unknown guards to intentionally, or with conscious indifference, violate the constitutional rights of Plaintiff Mathews when excessive force was used against him and inadequate, untimely medical care was provided to him in August 2011. Hence, Defendants Bowie County and Sheriff Prince are liable for damages to Plaintiff Mathews under §1983.

A plain reading of this paragraph shows Mathews' claim is that it was the unknown Defendants who acted intentionally or with conscious indifference.

Similarly, Mathews asserts paragraphs 36-40 of the Second Amended Complaint contain causation allegations and Paragraph 41 "contained how the named Defendants violated Mathews' constitutional rights by enumerated policies either not promulgated or not enforced [with very specific violations stated.]" However, none of these paragraphs contain anything more than boilerplate assertions which are insufficient to overcome a motion to dismiss. Simply alleging that the failure to enforce – or the total absence of – a laundry list of provisions from the Texas Administrative Code is not tantamount to a showing of causation or deliberate indifference.

Mathews complains the Magistrate Judge did not discuss the concept of allegations being based on "information and belief," arguing such complaints are appropriate where the information is peculiarly within the knowledge of the defendant or the belief is based on factual information making the inference of culpability possible. After Iqbal, pleading on "information and belief" remains permissible so long as the allegations in the pleadings raise a facially plausible claim. Barnett v. Patwardhan, civil action no. 12-1576, 2013 WL 1290201 (W.D.La., March 28, 2013), *citing* Iqbal, 556 U.S. at 684 *and* Arista Records v. Doe, 604 F.3d 110, 120 (2nd Cir. 2010). The mere invocation of the phrase "information and belief" does not circumvent the pleader's responsibility to set forth a claim for relief which is plausible on its face - in other words, a claim

which presents factual content allowing the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Rhodes v. Prince, 360 Fed.Appx. 555, 557-58, 2010 WL 114203 (5th Cir., January 12, 2010), *citing* Iqbal, 129 S.Ct. at 1949. Mathews failed to do so and his objection on this point is without merit.

Mathews maintains the Magistrate Judge failed to consider the fact that failure to adopt policies and procedures can form the basis for municipal liability, citing Rhyne v. Henderson County, 973 F.2d 386, 393 (5th Cir. 1992). In this case, he states it is not clear whether or not the named Defendants adopted the minimal standards contained in the Texas Administrative Code, and if they did not do so, they are liable for the injuries which Mathews suffered.

The Fifth Circuit has explained that to serve as the basis for §1983 liability, the failure to promulgate municipal policy must amount to an intentional choice, not merely an unintentionally negligent oversight. Evans v. City of Marlin, Texas, 986 F.2d 104, 108 (5th Cir. 1993). A failure to adopt policy rises to the level of deliberate indifference when it is obvious that the likely consequences of not adopting a policy will be a deprivation of civil rights. Rhyne, 973 F.2d at 392. Mathews did not allege, even in the alternative, that any failure to adopt policies was done intentionally or with deliberate indifference to his rights. *See also* Brumfield v. Hollins, 551 F.3d 322, 331-32 (5th Cir. 2008).

Furthermore, Mathews fails to show any nexus between the alleged failure to adopt policies and the injuries which he claims he suffered. His pleadings wholly fail to consider the possibility that the guards used force on him for reasons of their own, unconstrained and uninfluenced by any policies or lack thereof which Bowie County may have had; instead, Mathews simply assumes that a policy or lack thereof was necessarily the cause of the use of force. This objection is without merit.

Finally, Mathews contends because the dismissal of the claims of constitutional violation was error, it was also error to dismiss the state law claims against CiviGenics or CEC. He has failed to show any error in the dismissal of the constitutional claims and has failed to set out any viable state law claims against the named Defendants. His objection on this point is without merit.

Together with his objections, Mathews submitted a proposed Third Amended Complaint, once again seeking to rectify the deficiencies which he has already had multiple opportunities to correct. The Fifth Circuit has stated that in deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).

Mathews' proposed Third Amended Complaint adds a cause of action under the Americans with Disabilities Act and requests that "negative inferences should be drawn under the spoliation doctrine against said Defendants that the documents requested under the Open Records Act that have not been provided to the Plaintiff would be adverse to them." He also includes an allegation that CEC was required under its contract with Bowie County to implement and promulgate policies under the Texas Administrative Code.

In this regard, Mathews contends that either CEC and CiviGenics had policies and customs in place under the Code which they were not enforcing properly or they failed to follow their express duties under the contract and the law to have policies consistent with the jail standards. Mathews argues that the absence of policies or the failure to enforce policies caused the unknown guards to intentionally or with conscious or deliberate indifference to violate Mathews' constitutional rights.[2]

In this case, the factors of undue delay, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice weigh against allowing yet another amended complaint. Mathews filed an original complaint and has filed two amended complaints, neither of which cured the deficiencies of the original or raised a claim under the ADA. The Defendants have filed motions to dismiss in response to the original and each of the amended complaints and would be required to respond to an entirely new and different cause of action. Although Mathews alleges that the factual

---

[2] As with the similar paragraph quoted earlier, this paragraph does not allege deliberate indifference on the part of CEC or CiviGenics, but only on the part of the unknown guards.

6

allegations in the case already support a claim under the Americans with Disabilities Act, an allegation which is by no means clear, he offers no explanation for the failure to raise such a claim in his original or either of his previous amended complaints, instead waiting until a third amended complaint filed during the time of responding to the third motion to dismiss in which to assert an ADA claim. *See generally* Harris v. BASF Corp., 81 Fed.Appx. 495, 2003 WL 22838545 (5th Cir., November 26, 2003); 6 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §§ 1487–1488 (2013 update). His request for leave to file a third amended complaint is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Amended Report of the Magistrate Judge (docket no. 33) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the named Defendants' third motion to dismiss (docket no. 26) is hereby GRANTED as to the Plaintiff's claims against the named Defendants - Sheriff Prince, Bowie County, CEC, and Civigenics. Such claims are hereby DISMISSED with prejudice. The dismissal of these Defendants shall not affect the Plaintiff's claims against the unknown Defendants. It is further

ORDERED that the Defendants' prior motions to dismiss, docket no.'s 6 and 17, are DENIED as moot. It is further

ORDERED that the Plaintiff's motion for leave to file an amended complaint (docket no. 35) is DENIED. It is further

ORDERED that the Plaintiff shall be allowed to conduct reasonable discovery which is sufficient to ascertain the identities of the unnamed officers who were involved in the alleged use of force incident and subsequent delay of medical care on or about August 23, 2011. If any of those

officers are no longer employed by Bowie County, the county officials should be prepared to disclose the last known addresses of those officers in order to facilitate service of process. Finally, it is

ORDERED that such discovery shall be completed and an amended complaint filed, setting out the Plaintiff's claims against those officers, by **January 14, 2014**.[3] The Court expects that counsel for the Defendants will cooperate fully with the Plaintiff's discovery efforts.

**It is SO ORDERED.**

**SIGNED this 13th day of September, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[3] The Magistrate Judge recommended that Mathews be given 120 days from the date of entry of the Order adopting the Report in which to conduct discovery. While the Court finds no error in that recommendation, counsel for the Plaintiff filed a notice indicating that she would be out of the country for three weeks and requesting that any deadlines be extended. The Court has adjusted the discovery schedule in accordance with the Plaintiff's request.