IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMY DON MATTHEWS | § | |
| v. | § | CIVIL ACTION NO. 5:12cv82 |
| BOWIE COUNTY, TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jimmy Don Matthews filed this civil rights lawsuit through retained counsel complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On May 15, 2014, counsel for Matthews withdrew from the case, stating that efforts to correct "communications issues" had failed. The Magistrate Judge entered an order permitting counsel to withdraw and directing Matthews to notify the Court as to whether he intended to hire new counsel or proceed *pro se*. The Magistrate Judge also reminded Matthews that he was to keep the Court apprised of his mailing address at all times.

When Matthews did not respond to the order, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice, with the statute of limitations suspended for a period of 90 days following the date of final judgment in the case. Matthews received a copy of the Report on September 24, 2014, but has filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district

court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Defendants filed a response to the Report asking for clarification on the issue of the suspension of the limitations period. Specifically, the Defendants assert that the limitations period should be suspended only on "the subject claims," citing Mills v. Criminal District Court No. 3, 837 F.2d 677, 680 (5th Cir. 1988).

The Defendants' response is well taken. The only claims for which the suspension of the limitations period is effective are those which were raised in the Plaintiff's Fifth Amended Complaint.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Doc. No. 67) is hereby **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. The statute of limitations on the claims raised in the Plaintiff's Fifth Amended Complaint shall be suspended for 90 days from the date of entry of final judgment. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**It is SO ORDERED.**

SIGNED this 5th day of November, 2014.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE